IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) | No. 08 CV 2594 |
| Plaintiffs, | ) | Honorable Judge Charles Kocoras |
| v. | ) | |
| G.K. HARRIS, LTD., an Illinois Corporation, and Gerald K. Harris, individually, | ) | |
| Defendant. | ) | |

**DEFENDANT GERALD K. HARRIS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

NOW COMES the Defendant, GERALD K. HARRIS, by and through his attorneys, KENNEDY PIERSON & STRACHAN, LLP, and for his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

1. The instant complaint against Mr. Harris is barred by the doctrines of *res judicata* and collateral estoppels, and should therefore be dismissed.

2. The instant suit was filed May 6, 2008, alleging that Defendant G.K. Harris, Ltd. (hereinafter "Company"), an Illinois corporation, failed to obtain a surety bond ("Count I – Failure to Obtain a Bond"), and that Defendant Gerald Harris ("Harris"), an individual and president of G.K. Harris, Ltd., should be held personally liable for the indebtedness of the company ("Count II – Piercing the Corporate Veil"). *See* Complaint in 08 CV 2594.

3. This suit requests the same relief that was granted as against the Company, in a

previous case in the United States District Court for the Northern District of Illinois, Eastern Division, number 06 C 2584, entitled "Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds, v. G.K. Harris, Ltd., an Illinois Corporation." The complaint in 06 C 2584 was filed on May 9, 2006, and alleged, *inter alia*, that the Company failed to obtain a "surety bond to guarantee future wages, pension and welfare contributions." *See* Complaint in 06 C 2584, attached hereto as **Exhibit A**, at ¶11. Among the relief requested was to order the Company "to obtain and maintain a surety bond." Id. at 6.

4. On June 13, 2006, Judge Amy St. Eve entered a default judgment in 06 C 2584 an amount to be determined after audit, as well as an order that "the Company is directed to obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement." Order of June 13, 2006, **Exhibit B**, at 2.

5. An audit was conducted and, on August 7, 2007, the Plaintiffs moved for judgment pursuant to the audit. No opposition was made by the Company. The motion was granted by Judge St. Eve on August 20, 2007, ordering

> That a Judgment in the amount of Forty Six Thousand Four Hundred Thirty Four Dollars and ninety two cents ($46,434.92) is entered against G.K. Harris, Ltd. which includes contributions, dues, late fees and interest that was not paid for hours worked from June 1, 2006 through December 13, 2006, pursuant to the audit in the amount of Thirty Thousand Eight Hundred and Seven Dollars and forty two cents ($30,807.42); ***Ten Thousand Dollars ($10,000.00) wage and fringe benefit bond*** and Five Thousand Six Hundred Twenty Seven Dollars and fifty cents ($5,627.50).

Order of August 20, 2007, **Exhibit C** (emphasis added). The Court also ordered the Company to pay attorneys fees and costs of collecting. Id. at 2.

6. The doctrine of *res judicata* will bar a suit where three elements are present: "1) judgment on the merits in the earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F. 3d 337, 338 (7th Cir. 1995).

7. The first element is satisfied because judgment was entered on the merits in 06 CV 2584 on August 20, 2007. The court entered judgment on the audit, which addressed the merits of the suit for nonpayment of wages, benefits and a surety bond. Even a stipulated judgment is a judgment on the merits for purposes of *res judicata*. *In re Baker*, 74 F. 3d 906, 910 (9th Cir. 1996).

8. Second, the parties in the instant suit are identical to those in the 2006 suit, with the sole exception that Mr. Harris is now added as a defendant in his individual capacity. As the Seventh Circuit has stated, "strict identity of the parties is not necessary to achieve privity." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir. 1985). With closely-held corporations, "it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest to be considered to be in privity with the corporation." *Drexel Burnham Lambert, Inc. v. Luzinski*, 1989 U.S. Dist. LEXIS 13795, *4, No. 89 C 3553 (N.D. Ill., Nov. 14, 1989).

9. Third, the cause of action alleged here, including allegations of non-payment of contributions to union benefit funds, as well as purchase of a surety bond and attorneys fees, is identical to the previous case. In fact, the prior court granted all the relief that is now requested in this complaint.

10. Plaintiffs' second count asserts that the corporate veil should be pierced. However, "piercing the corporate veil is an equitable remedy, not a new cause of action." *Id.*, at

*4-5. As in *Drexel*, the Plaintiffs chose not to pursue that remedy in the first lawsuit, and should be barred from pursuing it in the second. *Id*. at *4. A final judgment on the merits "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Donovan*, 778 F.2d at 301. Here, the Plaintiffs are barred from relitigating the debt that was the subject matter of the first suit. *See Graebel/Los Angeles Movers, Inc. v. Johnson*, 2006 U.S. Dist. LEXIS 8273, at *16, No. 04 C 8282 (N.D. Ill., March 1, 2006).

WHEREFORE, Defendant GERALD K. HARRIS prays that This Honorable Court grant his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the doctrine of collateral estoppels, and for such other relief as the Court deems just and proper.

Respectfully submitted,

GERALD K. HARRIS,
Defendant

By: ____s/ Christopher M. Kennedy____________
One of his attorneys

KENNEDY PIERSON & STRACHAN, LLP
668 N. Western Avenue
Lake Forest, Illinois 60045
(847) 295-0300
(847) 295-0344 (fax)
ARDC #6225321
Cook County Firm No.: 40764

RECEIVED

MAY - 9 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS,

Plaintiffs,

v.

G.K. HARRIS, LTD.,

Defendant.

NO. 06C 2584

JUDGE ASPEN

MAGISTRATE JUDGE BROWN

COMPLAINT

NOW COMES the Plaintiff, LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT OF THE CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY (collectively "The Funds") and JAMES S. JORGENSEN (hereinafter "Jorgensen"), Administrator of the Funds, by and through their attorney, MARC M. PEKAY, P.C. and hereby complain against the Defendant, G.K. HARRIS, LTD. as follows:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

DEFENDANT'S EXHIBIT A

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. Sections 1002(3) and 37(A). The Funds are maintained and administered in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. Section 186 (c)(5). They are established pursuant to collective bargaining agreements and Declarations of Trust previously entered into between various Unions and certain employer associations whose employees are covered by the collective bargaining agreements with the unions. The Funds have offices and conduct business within this District.

4. Plaintiff, James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. Section 1002(21)(A).

5. Defendant, G.K. HARRIS, LTD. (hereinafter " G.K. Harris" or the "Company") is an Illinois limited corporation that is engaged in the construction industry which is an industry affecting interstate commerce and an employer within the meaning of

Section 3(5) of ERISA, 29 U.S.C. Section 1002(5), and Section 301 (a) of the LMRA, 29 U.S.C. Section 185(c). At all times material, the Company was doing business within this geographical area.

6. The Union is a labor organization within the meaning of 29 U.S.C. Section 185(a) which represents its members in negotiations and in dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On December 13, 2005, the Union and G.K. HARRIS, LTD. entered into and have been bound by a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and G.K. HARRIS which Agreement adopts and incorporates various Master Agreements between the Union and various employer associations, and also binds G.K. HARRIS to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LCDMC") to act as an agent in the collection of contributions due to those funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate G.K. HARRIS to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require G.K. HARRIS to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. Under the terms of the Agreement, G.K. HARRIS is obligated to obtain and maintain a surety bond to guarantee payment of future wages, pension and welfare contributions.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, G.K. HARRIS has:

(a) failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund from January 1, 2006, forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from January 1, 2006, forward, thereby depriving

the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay all contributions owed to the Laborers' Training Fund from January 1, 2006, forward, thereby depriving the Laborers' training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above from January 1, 2006, forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

13. The Company's actions in failing to make timely reports and contributions violate Sections 515 of ERISA, 29 U.S.C. Section 1145, and Section 301 of the LMRA. 29 U.S.C. Section 185.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against

Defendant, G.K. HARRIS, LTD:

(a) To direct G.K. HARRIS, LTD. to submit its benefit reports and contributions and to submit the Company's books and records to an audit upon demand by Plaintiffs and retaining jurisdiction to enforce judgment in sum certain upon the results of the audit;

(b) To enter a judgment in an amount not yet ascertained against G.K. HARRIS pursuant to the audit which will include unpaid contributions, liquidated damages, interest, audit costs, attorneys' fees and costs.

(c) To order G.K. HARRIS, LTD. to obtain and maintain a surety bond; and

(d) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

## (Failure to Pay Union Dues)

For a cause of action against Defendant, G.K. HARRIS, LTD.

15. Plaintiffs reallege paragraphs 1 through 11 of Count I.

16. Pursuant to the Agreement, the Funds have been duly designated to serve as a collection agent for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

17. Notwithstanding the obligations imposed by the Agreement, G.K. HARRIS, LTD has failed to report to and forward union dues deducted from the wages of its

employees from December 13, 2005, forward, thereby depriving the Union of income.

18. Pursuant to the Agreement, G.K. HARRIS, LTD. is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, G.K. HARRIS, LTD. to submit its current dues reports and dues, ordering G.K. HARRIS, LTD. to submit its books and records to an audit, entering judgment against G.K. HARRIS, LTD. for the amount of the union dues owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,
LABORERS' PENSION FUND et al.,

BY: [signature]
MARC M. PEKAY
MARC M. PEKAY, P.C.
One of the Attorneys for Plaintiff

MARC M. PEKAY, P.C.
30 North LaSalle St.
Suite 2426
Chicago, IL 60602
(312) 606-0980



# CONSTRUCTION & GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

[illegible] BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between G.K. Harris Ltd. ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America, AFL-CIO ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, together with any other Local Unions that may come within the Union's jurisdiction ("Local Union"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer, in response to the Union's request for recognition as 9(a) majority representative of its Laborer employees, and the Union's offer to show evidence of its majority support, hereby recognizes the Union under Section 9(a) of the Act as the sole and exclusive collective bargaining representative for the employees [illegible] in the Laborers bargaining unit with respect to wages, hours and other terms and conditions of employment without the need for a Board certified election. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association [illegible] of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension thereof, without written approval from the Union. [illegible]

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreements, as designated by the Union, between the Union and the [illegible] Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the [illegible] Contractors Association of Greater Chicago, [illegible] the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, [illegible] the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Area [illegible] Contractors Association, the Chicago Scaffolding Association, and all other employer associations with whom the Union or its affiliated Local Unions has an agreement. [illegible]

3. **Dues Checkoff.** The Employer shall deduct from the wages of employees [illegible] [illegible]

4. **Work Jurisdiction.** This Agreement covers all work within the Union's trade jurisdiction as set forth in the Union's Statement of Jurisdiction [illegible]

5. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust ("LECET"), and to all other designated Union-affiliated benefit and labor-management funds, [illegible]

Where Laborers covered by this Agreement perform work outside the Chicago area, the Employer shall, if covered under a local LIUNA-affiliated labor agreement in the area, contribute to the local fringe benefit funds [illegible]

6. **Wages and Industry Funds.** The Employer shall pay all the negotiated hourly wages, fringe benefit and industry fund contributions it is bound to pay under the applicable Collective Bargaining Agreements, including, where applicable, contributions to the Chicago Area LECET [illegible] that are negotiated or become effective after May 31, 2001 shall be incorporated into this Agreement. [illegible]

7. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee. [illegible]

8. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. [illegible]

9. **Termination.** This Agreement shall remain in full force and effect from June 1, 2001 (unless dated differently below) through May 31, 2005, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement [illegible]

10. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreement.

Dated: 12-13, 2005

G. K. Harris, LTD
(Employer)

FEIN No.: 36 326 5739

By: Gerald K. Harris President
(Print Name and Title)

[signature]
(Signature)

600 West Van Buren #908
(Address)

Chicago, Illinois 60607
(City, State and Zip Code)

(312) 831-4650 fax (312) 831-1586
(Telephone/Fax)

ACCEPTED:

Laborers' Local Union No. [signature]

By: [signature]

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Frank Riley, President & Secretary-Treas.

By: [signature]
James P. Connolly, Business Manager

For Office Use Only: [illegible]

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

EXHIBIT A



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS,

Plaintiffs,

v.

G.K. HARRIS, LTD.,

Defendant.

NO. 06 C 2584

Judge Amy St. Eve

Magistrate Judge Levin

**ORDER**

This matter having come to be heard on the Motion of Plaintiffs LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS (hereinafter collectively called "the Funds" or "Plaintiffs") for Order of Default and to Compel an Audit, due notice having been given,



and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1. That G.K. Harris, Ltd. (hereinafter "G.K. Harris" or the "Company") is in default;

2. That the Defendant is to submit the following documents to the Law Offices of Marc M. Pekay, 30 N. LaSalle St., Suite 2426, Chicago, IL 60602 for an audit to be performed by the Funds within thirty days (30) after receipt of this Order:

   a. All cash disbursement journals beginning December 13, 2005;

   b. All individual payroll records beginning December 13, 2005;

   c. All time records which are the basis of the above-mentioned individual payroll records beginning December 13, 2005;

   d. All state unemployment tax returns beginning December 13, 2005;

   e. All union, pension, welfare and apprenticeship fund records beginning December 13, 2005;

   f. All other relevant records which would tend to show the employer's compliance with the terms of the Collective Bargaining Agreement that the employer paid contributions to the Plaintiff beginning December 13, 2005.

3. The Company is directed to obtain and maintain a surety bond in accordance with the terms of the collective bargaining agreement.

4. That the Company is to remain current in its payment of contributions and union dues to the Plaintiffs.

FURTHER, the Court retains jurisdiction to enter judgment in a sum to be ascertained upon the completion of the audit.

Enter:

The Honorable Judge Amy St. Eve
United States District Court Judge

Dated: 6-13-06

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS, | ) | NO. 06 C 2584 |
| | ) | Judge Amy St. Eve |
| Plaintiffs, | ) | Magistrate Judge Levin |
| v. | ) | |
| G.K. HARRIS, LTD., | ) | |
| Defendant. | ) | |

## ORDER

This matter having come to be heard on the Motion of Plaintiffs LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS (hereinafter collectively called "the Funds" or "Plaintiffs") for Motion for Entry of Judgment, due notice having been given, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. That a Judgment in the amount of Forty Six Thousand Four Hundred Thirty Four Dollars and ninety two cents ($46,434.92) is entered against G.K. Harris, Ltd. which includes contributions, dues, late fees and interest that was not paid for hours worked from June 1, 2006 through December 31, 2006, pursuant to the audit in



the amount of Thirty Thousand Eight Hundred and Seven Dollars and forty two cents ($30,807.42); Ten Thousand Dollars ($10,000.00) wage and fringe benefit bond and Five Thousand Six Hundred Twenty Seven Dollars and fifty cents ($5,627.50).

2. That the Plaintiffs are entitled to all additional attorney fees and costs incurred in having to collect this Judgment.

Enter:

Amy J. St. E

The Honorable Judge Amy St. Eve
United States District Court Judge

Dated: 8-20-07