IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., | ) |
| Plaintiffs, | ) Case No. 08 C 2594 |
| v. | ) Judge KOCORAS |
| G.K. HARRIS, LTD., an Illinois corporation, and GERALD K. HARRIS, individually, | ) |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANT GERLAD K. HARRIS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

NOW COME Plaintiffs Laborers' Pension Fund and Laborers Welfare Fund of the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorney, Charles Ingrassia, and hereby file this Response to Defendant Gerald K. Harris' ("Harris" or the "Defendant") Motion to Dismiss pursuant to Rule 12(b)(6). Defendant's motion should be denied because (1) the doctrine of *res judicata* does not apply to the Funds' veil-piercing claim; and (2) this Court should use its discretion to exercise supplementary jurisdiction over the veil-piercing claim.

#### BACKGROUND

The Funds filed this action on May 6, 2008 seeking to compel Defendant G.K. Harris, Ltd., ("Company") to obtain a bond and to hold Harris personally liable as an officer of the Company for the debt owed by the Company to the Funds. The Funds obtained judgment against the Company on August 20, 2007 in the amount of $46,434.92 for hours worked by employees performing covered work for the period of June 1, 2006

through December 31, 2006. (Def. Mo. Dismiss. Ex. C) That judgment also required the Company to obtain and maintain a surety bond.

The Funds then immediately began post-judgment proceedings to collect the amount owed pursuant to Federal Rule Civil Procedure 69 and Illinois Supreme Court Rule 277. During these proceedings, and after the previous judgment was entered, the Funds become aware that Harris commingled funds with the Company, used Company assets for personal gain and that the Company was consistently undercapitalized. The Funds then filed this action seeking to pierce the corporate veil and hold Harris personally liable for the Company's debt to the Funds from that judgment.

### STANDARD OF REVIEW

Under the liberal notice pleading standard, a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006). When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the allegations must be taken as true and viewed, along with all reasonable inferences drawn therefrom, in the light most favorable to the Plaintiff. *Masonry Inst. of Cook County Welfare Fund, et al. v. Duane Andrist, et al.*, No. 87 C 4464, 1988 U.S. Dist. LEXIS 3406, *3 (N.D. Ill. April 18, 1988)(quoting *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605-606 (7th Cir. 1987)); *Chicago Dist. Council Carpenters Pension Fund v. Ceiling Wall Systems, Inc.*, 915 F. Supp. 939, 942 (N.D. Ill. 1996), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99, 101-02 (1957)).

ARGUMENT

I. *The Funds' Piercing the Corporate Veil Claim is Not Barred by Res Judicata*

The Funds' veil-piercing claim against Harris is not barred by the doctrine of *res judicata*. *Res judicata* (claim preclusion) prevents claims from being litigated that were or could have been brought in a previous lawsuit. The purpose of the doctrine is to promote judicial economy. *See Arthur Andersen LLP v. Federal Ins. Co.*, No. 06 C 1824 2007 U.S. Dist. LEXIS 18959, at *26 (N.D. Ill. Mar. 16, 2007). Because the original judgment was rendered in federal court, the federal rule of *res judicata* applies. *Id.* at *28. Three elements must be satisfied for a claim to be subject to *res judicata*: (1) there has been an adjudication on the merits in a pervious action; (2) the two suits involve the same parties or their privies; and (3) an identity of cause of action exists in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

The doctrine of *res judicata* is not applicable to this action because the third element is not satisfied. Seventh Circuit case law is clear that the time in which claim identity must be assessed is at the outset of the lawsuit. *Jagla v. BMO Fin. Group*, 248 Fed. Appx. 743, 745 (7th Cir. 2007). Stated differently, *res judicata* does not bar claims that accrue after the previous suit was initiated. *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008). For example, in *Jagla*, the plaintiff brought multiple lawsuits after his various applications for employment were rejected. *Jagla*, 248 Fed. Appx. at 744. The court held that if a party did not learn of a claim until after the first lawsuit was filed, "there is a factual basis for a new claim that he could not have raised at the time [the previous lawsuit was filed], and it is not barred by *res judicata*." *Id.* Likewise, in *Smith* the plaintiff brought multiple suits alleging sex discrimination . The Seventh Circuit

3

stated in dicta that *res judicata* was not applicable because it was possible that some of the harm could have accrued after the first suit was filed. *Smith*, 513 F.3d at 783-84.

Claim preclusion is not applicable to the Funds' veil-piercing claim because they were unaware of Harris' conduct that gave rise to this action before the previous suit was filed. This is not a situation in which the Plaintiffs had knowledge of the conduct in question, and therefore, as in *Jagla*, there is a new factual basis for a claim that could not have been raised in the previous action. Specifically, the first suit was brought by the Funds to recover benefit contributions and union dues the Company was required to contribute pursuant to a collective bargaining agreement it signed with the Laborers' Union. The Company did not respond to the complaint and the Funds obtained judgment through default. No discovery was conducted, so this is not a situation where the Funds came across this information in the original suit and failed to amend their complaint. Rather, the Funds were unaware of Harris' actions until he was deposed as an officer of the Company during post-judgment proceedings. During the citation deposition, the Funds learned that Harris commingled Funds with the Company, failed to maintain proper regard for the corporate form, used Company assets for his personal gain and that the Company was consistently undercapitalized. Because Harris was not deposed until post-judgment proceedings, it would have been impossible for the Funds to discover this information beforehand.

Moreover, the current situation is factually distinct from *Drexel Burnham Lambert, Inc. v. Luzinski*, and the Defendant's reliance on that case is misplaced. No. 89 C 3553, 1989 U.S. Dist. LEXIS 13795, at *4 (N.D. Ill. Nov. 14, 1989). First, *Drexel* applied Illinois *res judicata* law. *Id* at *5 n.1. Illinois law is well-established that if a

4

veil-piercing action is brought specifically on a previous judgment, the new case is not subject to claim preclusion. *See e.g., Gann v. William Timblin Transit, Inc.*, 522 F. Supp. 2d 1021, 1029-30 (N.D. Ill. 2007)(referring to *Drexel's* discussion of veil-piercing claims under Illinois law). As stated in the Funds' prayer for relief in Count II, this suit was filed specifically as an action on the judgment they were awarded in case 06 C 2584.

Second, the court in *Drexel* heavily relied on the fact that the plaintiffs' complaint alleged that the corporation had *always* operated to channel the individual's investments, and therefore, this conduct must have been apparent when the original suit was filed. *Drexel*, 1989 U.S. Dist. LEXIS 13795, at *8 (emphasis added). However, as outlined in greater detail above, this is not a situation where Harris' disregard for the corporate form was apparent when the first suit was filed. The Funds did not learn of Harris' conduct until his citation deposition and may have run afoul of Federal Rule 11 if they pursued the veil-piercing claim in the initial suit without a good faith basis to do so.

Finally, even if the Funds somehow could have brought the veil-piercing claim in the previous suit, claim preclusion would still not be applicable. As the Seventh Circuit noted in *Smith*, conduct that is repetitive by nature, happens after the suit was initially filed or is an act that causes repeated calculable harm is not subject to the doctrine. *Smith*, 513 F.3d at 783. In other words, a defendant is not entitled to continue or repeat unlawful behavior after an initial lawsuit is filed. *Id. Smith* involved multiple cases alleging sex discrimination in which the Seventh Circuit reversed and remanded a second lawsuit dismissed by the district court pursuant to claim preclusion. In so doing, the court noted that when the defendant allegedly engages in a pattern of behavior, which possibly occurred both before and after the first lawsuit was filed, the plaintiff is entitled

to file a second lawsuit if it so chooses. *Id.* at 783-84. Otherwise, a judge would have to allow a plaintiff to amend a complaint to account for new conduct regardless of circumstances (such as the case is on the eve of trial, or in this situation, a default judgment has already been entered) or deny the plaintiff a chance to seek remedy due to a claim preclusion bar. As the court noted, neither situation is desirable. *See id.*

A similar result would occur if the Funds are not allowed to bring this suit. The Funds allege that Harris continuously and systematically disregarded the corporate form by engaging in the actions described above. Drawing all inferences in a light most favorable to them, *McHenry*, 438 F.3d at 817; *see Jagla*, 248 Fed. Appx. at 745, it is plausible that some of his conduct occurred after the first suit was initiated. As outlined in *Smith*, the Funds have the option to bring a new lawsuit to seek redress from this behavior. If they were not able to do so, the Funds would be left with the dilemma of either seeking to vacate the judgment in the previous case and file an amended complaint or not get relief from Harris' behavior that occurred after the first suit was filed. The result of this would encourage more unlawful activity after initial lawsuits are filed and would not further the policy of *res judicata* to promote judicial economy.

## II.   *This Court Should Use its Discretion to Exercise Supplemental Jurisdiction*

This Court should use its discretion to exercise supplemental jurisdiction over the Funds' veil-piercing claim. Although 28 U.S.C. 1367(c) allows a court to dismiss remaining state law claims without prejudice when the federal character of the suit has dissipated, the decision to exercise pendant jurisdiction involves a discretionary approach weighing considerations of judicial economy, convenience, fairness and comity. *Tim v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). It is entirely acceptable under this

standard for a court to decide remaining state law claims if the nature of those claims are not difficult or do not involve unsettled areas of state law. *See id.*

The Funds' veil-piercing claim involves a straightforward question of well-settled state law, making it acceptable for this Court to exercise supplemental jurisdiction over it. The analysis will involve determining whether Harris' actions render the Company a mere shell, and if so, would adhering to the existence of the corporate form promote a fraud or injustice. *Laborers' Pension Fund v. Lay-Com, Inc.*, 455 F. Supp. 2d 773, 783 (N.D. Ill. 2006). As illustrated by *Laborers' Pension Fund* and a number of other cases, claims seeking to pierce the corporate veil under Illinois law frequently arise in this district and the law is clear. *See generally e.g., Martin v. Cavalry Portfolio Servs., LLC*, No. 07 C 4745 2008 U.S. Dist. LEXIS 25904 (N.D. Ill. Mar. 28, 2008).

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Funds respectfully request that this Court deny Defendant Gerald K. Harris' Motion to Dismiss Pursuant to Federal Rule 12(b)(6) and use its discretion to exercise supplementary jurisdiction over Count II of the Plaintiffs' Complaint.

July 24, 2008                                             Respectfully submitted,

                                                          /s/Charles Ingrassia

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312)692-1540

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a copy of the foregoing Plaintiffs' Response to Defendant Gerald K. Harris' Motion to Dismiss Pursuant to Rule 12(B)(6), to be served upon the following person via U.S. First Class Mail, postage prepaid, on, July 24, 2008.

Christopher M. Kennedy
Kennedy Pierson & Strachan, LLP
668 N. Western Ave
Lake Forest, IL 60045

/s/ Charles Ingrassia