IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> G.K. HARRIS, LTD., an Illinois Corporation, and Gerald K. Harris, individually, <br><br> Defendant. | No. 08 CV 2594 <br><br> Honorable Judge Charles Kocoras |

## REPLY IN SUPPORT OF DEFENDANT GERALD K. HARRIS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

The Plaintiffs previously filed suit and obtained judgment against Defendant G. K. HARRIS, LTD. ("Company") for the same causes of action alleged herein: that a construction company failed to pay the full amount of benefits for all its covered workers (including those not in the union). <u>See</u> Complaint in 06 C 2584. Plaintiffs obtained a default judgment on liability and, after an audit in which the Company cooperated fully and produced all of its financial records and all requested documents, the court entered judgment ordering the Company to pay $46,434.92 and to "to obtain and maintain a surety bond" (the cost of which was factored into the dollar amount of the judgment). Order of August 20, 2007. The Plaintiffs failed to name Gerald Harris individually in that suit, but now seek to relitigate and obtain the same judgment on the same facts against Gerald Harris personally. This approach is barred. Further, the

1

allegations as to Mr. Harris are insufficient under the law cited by Plaintiffs as the basis for this suit and the prior one against the Company.

Plaintiffs' Response does not dispute that the first two elements of *res judicata* are present on both counts, namely that there was an adjudication on the merits and that the two suits involve the same parties or their privies. Rather, Plaintiff argues that there is no identity of the causes of action between both suits, citing case law indicating that *res judicata* does not bar "claims that accrue after the previous suit was initiated." Response, at 3. While this maxim may be true, it does not apply here. Plaintiffs do not allege herein an ongoing failure to pay for hours that were worked subsequent to 2006; indeed, all the unpaid hours accrued prior to commencement of the first suit.

Instead, Plaintiffs argue in their Response that there are "new facts," in that Mr. Harris "commingled" and "undercapitalized" the Company, thus allegedly allowing Plaintiffs to pierce the corporate veil. However, these are not new "claims that accrue after the previous suit was filed;" they are simply assertions of a new theory in order to recover on an old claim. Specifically, Plaintiffs allege in their brief that "after the previous judgment was entered, the Funds became aware[1] that Harris commingled funds with the Company, used Company assets for personal gain and that the Company was consistently undercapitalized." Response, at 2. These are conclusory recitations of elements courts consider in piercing the corporate veil cases. However, Plaintiffs ignore the fact that piercing the corporate veil is not a separate cause of action, but rather merely an equitable remedy. Having chosen not to pursue that remedy in the first case, they are barred from doing so here. The doctrine of *res judicata* "requires parties to

---

[1] Plaintiffs' assertion that these alleged acts of commingling/personal use and undercapitilization are newly discovered are also demonstrably false. The documentation upon which the judgment amount was determined, and upon which these "new" allegations rest, was provided to Plaintiffs and their auditor during the case and prior to entry of the judgment of $46,434.92 on August 20, 2007.

consolidate all closely related matters into one suit . . .a party may not maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first." *Ryan v. City of Chicago*, 1992 U.S. Dist. LEXIS 985, *13-14 (N.D.Ill.).

Indeed, no cause of action even exists as to the individual in the first place, as he does not qualify under the applicable law asserted in the underlying case. <u>See</u> *Laborers' Pension Fund v. Paragon Pool Constr., Inc.*, 2001 U.S. Dist. LEXIS 424, *3 (N.D.Ill. 2001) (granting defendant/ individual's motion to dismiss complaint by the same Plaintiffs as in the instant case). The court in *Paragon Pool* held that the sole owner-operator of the company was not liable for unpaid fund contributions for company employees, as he was not an "employer" under ERISA or LRMA. <u>Id.</u> at *6-7. As in that case, these same Plaintiffs herein fail to allege that Mr. Harris was a party to the collective bargaining agreements, nor do they allege that he took actions directly as an employer. <u>Id.</u> at *7. If Mr. Harris could not have been sued in the first suit in his individual capacity, he surely cannot be sued in the second, because he still does not qualify as an employer under the statutes.

Finally, the Plaintiffs' conclusory assertions of commingling, personal use and undercapitalization are also insufficient in themselves and also fail to state a claim upon which relief can be granted. Piercing the corporate veil is still the "rare exception, applied in the case of fraud or certain other exceptional circumstances" which are not set forth here. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). A corporation is "a legal entity separate and distinct from its shareholders, directors and officers," which may not be disregarded unless both of the following factors are present: 1) the separate personalities of the individual and the corporation cease to exist; and 2) "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Van Dorn Co. v. Future*

*Chemical and Oil Corp.*, 753 F.2d 565, 569-70 (7th Cir. 1985). Courts "that properly have pierced corporate veils to avoid 'promoting injustice' have found that, unless it did so, some 'wrong' beyond a creditor's inability to collect would result." *Sea-Land Svces. v. Pepper Source*, 941 F.2d 519, 522 (7th Cir. 1991). No alleged injustice is specified in the instant case, nor is any plausible, beyond Plaintiffs' "inability to collect" its judgment.

The cause of action alleged here are allegations of non-payment of contributions to union benefit funds in 2005 and 2006, along with failure to purchase a surety bond and pay attorneys fees. These causes of action are identical to the previous case against the Company and are not applicable to Mr. Harris, as he does not qualify as an employer under the statute. Therefore, the instant claim against the Defendant Gerald Harris individually should be dismissed.

WHEREFORE, Defendant GERALD K. HARRIS prays that This Honorable Court grant his Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the doctrine of collateral estoppel, and for such other relief as the Court deems just and proper.

    Respectfully submitted,

    GERALD K. HARRIS,
    Defendant

    By:    s/ Christopher M. Kennedy
          One of his attorneys

KENNEDY PIERSON & STRACHAN, LLP
668 N. Western Avenue
Lake Forest, Illinois  60045
(847) 295-0300
(847) 295-0344 (fax)
ARDC #6225321
Cook County Firm No.: 40764