## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 2594 |
| v. | ) | |
| | ) | Judge KOCORAS |
| G.K. HARRIS, LTD., an Illinois corporation, | ) | |
| and GERALD K. HARRIS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' MOTION TO STRIKE OR IN THE ALTERNATIVE REQUEST FOR LEAVE TO FILE THE FUNDS' SUR-REPLY TO DEFENDANT GERALD K. HARRIS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by and through their attorney, Charles Ingrassia, and hereby move this Court to Strike the Defendant's Reply or in the alternative seek leave to file Funds' Sur-Reply in Support of their Response to Defendant Gerald K. Harris' ("Defendant" or "Harris") Motion to Dismiss pursuant to Federal Rule 12(b)(6).  In support of this motion, Plaintiffs state:

     1.     The Defendant's Motion contains three arguments for dismissal: (a) Count I of the Complaint is barred by the doctrine of *res judicata* and collateral estoppel (Def.'s Mot. Dismiss, ¶¶ 6-9); (b) piercing the corporate veil is an equitable remedy not providing for a new cause of action (Def.'s Mot. Dismiss, ¶ 10); and (c) the veil-piercing claim is also barred by the doctrine of *res judicata*.  (Def.'s Mot. Dismiss, ¶ 10.)

2.    The Funds' Response maintains that *res judicata* is not applicable to their veil-piercing claim because the third element of that doctrine, identity of causes of action, is not satisfied.  (Pls.' Resp. Mot. Dismiss, 3-4.)  In addition, the Funds argue that the alleged wrong in Count II – failure to maintain proper regard for the corporate form – was continuous and likely occurred both before and after the initial suit was filed, rendering *res judicata* inapplicable pursuant to Seventh Circuit precedent.  (Pls.' Resp. Mot. Dismiss, 5-6.)  Finally, the Funds request that this Court retain supplemental jurisdiction over their common law veil-piercing claim.  (Pls.' Resp. Mot. Dismiss, 6-7.)

3.    Defendant's Reply presents for the first time the argument that he does not qualify as an employer within the meaning of ERISA or the LMRA, and relies on *Laborers' Pension Fund v. Paragon Pool Constr. Inc.*, No. 2000 C 2408, 2001 U.S. Dist. LEXIS 424 (N.D. Ill. 2001).  (Def.'s Reply Supp. Mo. Dismiss, 3.)

5.    The Defendant's introduction of this new argument in his Reply is improper and it should be stricken.  *Trudeau v. Lanoue*, No. 04 C 7165, 2006 U.S. Dist. LEXIS 7956, at *6 (N.D. Ill. Mar. 2, 2006); *McKay v. Town & Country Cadillac, Inc.*, No. 97 C 2102, 2002 U.S. Dist. LEXIS 2669, at *3 (N.D. Ill. Feb. 14, 2002)(stating that it is inappropriate for a court to consider arguments raised for the first time in a reply brief); *Kastel v. Winnetka Bd. Educ., Dist. 36, et al.*, 946 F. Supp. 1329, 1335 (N.D. Ill. 1996)("[t]his Court will not consider new arguments raised for the first time in a reply brief.").

5.    In the alternative, the Funds request leave to file the Funds' Sur-Reply to the Defendant Harris' Motion to Dismiss (attached hereto as <u>Exhibit A</u>).  *See Hamilton v. O'Connor Chevrolet, Inc.,* No. 02 C 1897, 2005 U.S. Dist. LEXIS 9963, at *8 (N.D. Ill. Mar. 23,

2

2005)(stating that a party can move to file a sur-reply to address issues raised for the first time in

a reply brief); *McGinn v. DeSota, Inc., et al.,* No 90 C 4481, 1990 U.S. Dist. LEXIS 16794, at *5

(N.D. Ill. Dec. 12, 1990)(noting that the non-moving party was granted leave to file a sur-reply to

address new arguments raised in the moving party's reply).

WHEREFORE, the Funds respectfully request that this Court grant their Motion to Strike

or in the alternative, grant the Plaintiffs leave to file the Funds' Sur-Reply to Defendant Gerald

K. Harris' Motion to Dismiss Pursuant to Rule 12(b)(6).

Date: August 8, 2008                          Respectfully submitted,

                                              Laborers' Pension Fund, et al.


                                              By:    /s/ Charles Ingrassia

Office of Fund Counsel
111 West Jackson, Suite 1415
Chicago, IL  60604
(312) 692-1540

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LABORERS' PENSION FUND, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 08 C 2594** |
| **v.** | ) | |
| | ) | **Judge KOCORAS** |
| **G.K. HARRIS, LTD., an Illinois corporation,** | ) | |
| **and GERALD K. HARRIS, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' SUR-REPLY TO DEFENDANT GERLAD K. HARRIS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(B)(6)

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorney, Charles Ingrassia, and hereby file this Sur-Reply to Defendant Gerald K. Harris' ("Harris" or the "Defendant") Motion to Dismiss pursuant to Federal Rule 12(b)(6). The Defendant raised for the first time in his Reply the argument that Harris is not an employer within the meaning of ERISA or the LMRA. This argument is irrelevant because the Funds do not need to establish that he is an employer within the meaning of either of those statutes.

The Funds do not need to establish that Harris was a party to a collective bargaining agreement or an employer within the meaning of ERISA or the LMRA because their claim against him is based on the common law doctrine of piercing the corporate veil. The court in *Laborers' Pension Fund v. Paragon Pool Constr. Inc.*, did hold that there is no basis for personal liability under ERISA or the LMRA. No. 2000 C 2408, 2001 U.S. Dist. LEXIS 424, at *7 (N.D. Ill. Jan. 11, 2001). However, the court



also stated that the separate corporate entity does not protect individual shareholders from liability if the corporate form was ignored. *See id.* at *5. The court found that the plaintiffs failed to sufficiently plead any facts that would enable them to establish the corporate form was disregarded. *Id.* Thus, there was no basis for individual liability pursuant to theories of piercing the corporate veil or alter ego liability. *See id.* at *6.

Unlike *Paragon*, the Funds sufficiently plead that the corporate form was ignored, creating a viable basis of individual liability pursuant to the common law doctrine of piercing the corporate veil. Specifically, the Complaint alleges that the corporate form has been ignored due to the Defendant's actions of commingling the Company's funds, using Company assets for personal gain and consistently keeping the Company undercapitalized. Contrary to the Defendant's repeated assertions, the Funds are not trying to reestablish the liability of the Company for delinquent benefit contributions or hold him personally liable pursuant to ERISA or the LMRA. The underlying cause of action against the Defendant is a veil-piercing theory of relief, rendering the question of whether or not he is an employer within the meaning of ERISA or the LMRA irrelevant.

WHEREFORE, for the reasons stated herein, the Funds respectfully request that this Court deny Defendant Gerald K. Harris' Motion to Dismiss Pursuant to Federal Rule 12(b)(6).

August 8, 2008                                  Respectfully submitted,

                                               Laborers' Pension Fund, et al.,

                                               /s/Charles Ingrassia

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312)692-1540

## CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a copy of the foregoing ***Plaintiffs' Motion to Strike or in the Alternative Request for Leave to File the Funds' Sur-Reply to Defendant Gerald K. Harris' Motion to Dismiss Pursuant to Rule 12(B)(6)*** to be served upon the following person(s) on August 8, 2008 via U.S. First Class Mail, postage pre-paid:


Christopher M. Kennedy
Kennedy Pierson & Strachan, LLP
668 N. Western Ave
Lake Forest, IL 60045



/s/ Charles Ingrassia