UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | 08 C 2594 |
| G.K. HARRIS. LTD, an Illinois corporation, and Gerald K. Harris, individually, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Gerald Harris to dismiss Count II of the complaint of Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James Jorgenson (collectively referred to herein as "Laborers") pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations of the complaint, Defendant G.K. Harris, Ltd. ("Harris Ltd.") was a party to a collective bargaining agreement with the Construction and General Laborers' District Council of Chicago and Vicinity. Under the terms of the agreement, Harris Ltd. was required to make contributions and transmit withholdings to Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund (collectively referred to as "the Funds"). Plaintiff Jorgensen is the Administrator of the Funds. The agreement also specifies that Harris Ltd. obtain and maintain a surety bond of at least $5000. Defendant Gerald Harris was the president of Harris Ltd. at all relevant times.

Court files reveal that on May 2006, Plaintiffs filed a two-count complaint against Harris Ltd. Count I sought an audit, judgment in its favor for any contributions or other amounts discovered to be owed in the course of or as a result of the audit, and an order requiring Harris Ltd. to obtain and maintain a surety bond. Count II requested unpaid union dues. The case was assigned to Judge St. Eve. Harris Ltd. did not appear to defend the case, and on June 13, 2006, a default judgment was entered against it. The judgment required Harris Ltd. to submit to an audit, to obtain and maintain a surety bond, and to remain current in its payment of contributions and union dues. Compliance with the court's judgment order was not forthcoming, and a body attachment issued as to Harris in September 2006. One month later, Harris appeared

and submitted to an audit. In August 2007, judgment was entered against Harris Ltd. in the amount of $46,434.92.

In May 2008, Plaintiffs filed the instant suit. Count I seeks an order requiring Harris Ltd. to obtain and maintain a surety bond. Count II alleges that Harris disregarded the corporate form of Harris Ltd. and should therefore be held individually liable for the judgment of $46,434.92 entered in Judge St. Eve's case.

Harris now moves to dismiss the complaint on the grounds that it is barred by the doctrine of *res judicata* and therefore fails to state a claim upon which relief can be granted. Though the briefs initially appeared to request dismissal only of Count II, later submissions are directed at both counts.

## LEGAL STANDARD

Rule 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pled facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007). A pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

With these principles in mind, we turn to Harris's motion.

## DISCUSSION

The motion to dismiss is predicated on the argument that the claims within the complaint are barred by the doctrine of *res judicata*. In federal cases in this circuit, a party can successfully assert this defense if an earlier suit involved the same parties or those in privity with the current parties, an identity of claims, and a final judgment on the merits of the claims asserted. *Ross v. Board of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

With respect to Count I, dismissal is appropriate. Plaintiffs have already received the relief requested within it, rendering the claim moot. Apparently Harris Ltd. has not yet complied with the order, which could warrant sanctions from Judge St. Eve for failure to comply with the order she entered. However, noncompliance with a preexisting order does not justify entry of an identical order from another judge. Though this claim would be more appropriately cast in terms of a mootness challenge, there is no question that no viable controversy is presented in Count I.

With respect to Count II, however, Plaintiffs are not seeking to relitigate the claims upon which Judge St. Eve has already pronounced judgment. There would be no incentive for them to do so, since they were successful in obtaining a judgment ordering the relief they sought in that action. Rather, they are seeking to enforce the judgment already entered. A federal court has both the ability and the jurisdiction to enforce its own judgments. *See Yang v. City of Chicago*, 137 F.3d 522, 525 (7th Cir. 1998). This case seeks to vindicate the integrity of the judgment entered by Judge St. Eve. It presents claims related to but not of an identity with, issues of whether contributions and other relief were due and owing in the first instance. Accordingly, this suit is not barred by *res judicata*.

Finally, we note that Harris's argument that he cannot be held liable under ERISA because he does not fall within the statutory definition of "employer" is not an appropriate basis for dismissal under 12(b)(6). Individual officers of a company can be liable for the debts of a company if there are grounds for piercing the corporate veil. *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299-1300 (7th Cir. 1989). Count II asserts that Harris, by ignoring corporate formalities, rendered himself indistinguishable from Harris Ltd. Such allegations, if proven, would remove the legally created wall that normally separates and thereby insulates directors, officers, or shareholders from the corporate entities with which they are associated. Without that

wall, Harris and Harris Ltd. would be one and the same, making Harris the employer of the employees for whom contributions and dues were to be paid. Thus, the contention that ERISA cannot apply to him individually is not one that can be ruled out at this point.

## CONCLUSION

Based on the foregoing, the motion to dismiss is granted as to Count I and denied as to Count II.

_____
Charles P. Kocoras
United States District Judge

Dated:   August 28, 2008